# BELDOCK LEVINE & HOFFMAN LLP

99 PARK AVENUE, PH/26TH FLOOR

NEW YORK, N.Y. 10016

CYNTHIA ROLLINGS
JONATHAN MOORE
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
LUNA DROUBI
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

February 12, 2021

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
MARJORY D. FIELDS
EMILY JANE GOODMAN
  (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF:

WRITER'S DIRECT DIAL:

**VIA ECF**

Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 1007

By separate order, this case is referred to Magistrate Judge Netburn for purposes of general pre-trial. Plaintiff may raise these issues before Judge Netburn.

SO ORDERED.

Hon. Ronnie Abrams
February 16, 2021

**Re:** *Milan Heggs v. The City of New York, et al.*, No. 18-CV-9709 (RA)

Your Honor:

My name is Rebecca Pattiz and my office represents Plaintiff Milan Heggs in the above-captioned action. In accordance with Federal Rule of Civil Procedure 37(a) and Local Rule 37.2, Plaintiff writes to request that the Court either compel Defendants to produce materials responsive to Plaintiff's discovery requests or schedule an informal pre-motion discovery conference.

Plaintiff Milan Heggs is a paraplegic who was detained at Rikers Island. Mr. Heggs has required the use of a wheelchair for approximately twenty years. But for reasons that are not clear, Mr. Heggs was "cleared" to walk, his wheelchair was confiscated, and he was transferred to housing on an upper tier, where he had to traverse stairs. Mr. Heggs fell repeatedly and was denied access to his wheelchair for three years. After years of alarming mistreatment, two correction officers brutally assaulted Mr. Heggs in 2018, causing him serious injury. The complaint alleges that Defendants' conduct violated the Americans with Disabilities Act ("ADA") and Mr. Heggs's Fourth and Fourteenth Amendment rights.

The deadline to complete fact discovery in this case is March 26, 2021. *See* ECF No. 82. Plaintiff served document requests ("RFPs") and interrogatories on Defendants on October 9, 2020, and Defendants responded on December 6, 2020. Defendants sent supplemental electronic discovery on December 9, 2020, and January 5, 2021. On December 21, 2020, Plaintiff sent a letter to Defendants, noting deficiencies in their discovery responses. Defendants responded on January 29, 2021. The parties met and conferred by telephone on February 4, 2021, but were unable to resolve the discovery disputes outlined below. In light of the rapidly approaching fact discovery deadline, and the fact that no depositions have been taken yet in this case, Plaintiff requests that the Court compel Defendants to produce discovery or schedule an informal conference to assist in resolving these issues.

Honorable Ronnie Abrams
February 12, 2021
Page 2

### I. Disciplinary Files for Named Defendants

In response to Plaintiff's RFPs Nos. 11 and 12, Defendants have refused to produce any personnel files, including named defendants' disciplinary records from before 2013 or after 2018, reasoning that requests for these materials are excessively burdensome. Defendants have also refused to produce disciplinary files unless they are "substantiated" and "related to acts of misconduct against inmates with mobility disabilities." Defendants' contention that they are not required to produce these records is wrong.

*First*, Defendants' proposed time limit on discipline records—five years before the complaint was filed—is inappropriately narrow. Courts in this Circuit have routinely ordered defendants in civil rights cases to produce complete disciplinary records for named defendants, including records created after the complaint was filed. *See Zhao v. City of N.Y.*, No. 07-CV-3636 (LAK)(MHD), 2007 U.S. Dist. LEXIS 87126, at *4 (S.D.N.Y. Nov. 21, 2007); *Phillips v. City of New York*, 277 F.R.D. 82, 84 (E.D.N.Y. October 7, 2011) (ordering production of post-incident records). Indeed, the relevance of disciplinary histories in civil rights actions against law enforcement officers is so apparent that numerous courts have held that such evidence is "presumptively discoverable," regardless of the age, subject matter, or disposition of the underlying complaint. *Fountain v. City of New York*, No. 03-CV-7790 (RWS), 2004 U.S. Dist. LEXIS 12278, at *2 (S.D.N.Y. June 30, 2004).

*Second*, Plaintiff rejects Defendants' contention that they need only produce disciplinary records that are "substantiated." To the contrary, courts in this Circuit have repeatedly held that such records are discoverable regardless of whether the specific allegations are substantiated. *See, e.g.*, *Bradley v. City of New York*, No. 04-CV-8411 (RWS)(MHD), 2005 WL 2508253, at *1 (S.D.N.Y. Oct. 3, 2005) ([W]e emphatically reject defendants' contention that 'unsubstantiated' complaints should. . . not be ordered produced."); *Young v. City of New York*, No. 10-CV-1701 (RMB)(THK), 2010 WL 3938372, at *1 (S.D.N.Y. Oct. 7, 2010) (collecting cases).

*Finally*, Defendants object to production of disciplinary records that are not "related to acts of discrimination against inmates with mobility disabilities." This category of documents is excessively narrow and would omit materials relevant to Plaintiff's claims that Defendants assaulted him and acted with deliberate indifference to his constitutional rights. Plaintiff is entitled to all disciplinary records, regardless of subject matter. *Fountain*, 2004 U.S. Dist. LEXIS 12278, at *2. Here, this would include records relating to, for example, excessive force, assault, battery, discrimination, and failure to provide medical attention.

### II. Documents Concerning Construction of Facilities

Defendants refuse to produce, or even search for, documents responsive to RFP No. 19, which seeks "all plans, blueprints, working drawings, or construction contract documents concerning the construction, renovation, alteration, or modification of the toilets, cells and/or showers at the NIC, OBCC, and/or AMKC," facilities in which Plaintiff was housed at Rikers Island. Defendants object that the records sought are irrelevant and that their production would be unduly burdensome. The documents requested go to the accessibility of the areas in which Plaintiff was housed and to Defendants' practice, alleged in the complaint, of agreeing to undertake remedial measures only to continue to engage in a

practice of noncompliance. Defendants, as the party resisting discovery, have "the burden of showing specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly . . . burdensome" by submitting affidavits or other evidence. *Pegoraro v. Marrero*, 281 F.R.D. 122, 128-29 (S.D.N.Y. 2011) (citation omitted). They have not attempted to satisfy this burden.

### III.   Inmate Complaints Regarding Accessibility

RFP No. 2 seeks "all written complaints or demands for access to a urinary catheter or a wheelchair accessible toilet or shower, made by any individual held at Rikers Island from October 2014 to the present." Again, Defendants assert without evidence that a search for responsive materials would be excessively burdensome. As Defendants do not explain how inmate complaints are stored or the extent to which they are searchable, their objection for withholding these relevant documents is conclusory and cannot stand.

### IV.   Training Materials

Plaintiff's Interrogatory No. 21 and RFPs Nos. 21 and 22 seek information and documents regarding officer training on ADA compliance and disability accommodation. Defendants agreed to produce responsive materials within 45 days of their December 6, 2020 response, meaning their responses were due January 20, 2021. To date, Defendants have not produced training materials, despite these materials being essential to Plaintiff's failure to train claims.

### V.   ADA Compliance Reports

Finally, Plaintiff requested "all ADA compliance reports submitted by the City, DOC and/or HHC [New York City Health and Hospitals Corp.] to the U.S. Attorney's Office for the Southern District of New York or other law enforcement or regulatory agency." RFP No. 29. In 2018, Defendants City and HHC entered a voluntary compliance agreement with the federal government concerning ADA violations at Rikers Island. Defendants state that they are withholding semi-annual reports produced to the U.S. Attorney's Office because the reports were created and involve remediation that took place after Mr. Heggs left DOC's custody and may implicate non-party privacy interests. Defendants' objections do not justify withholding the reports. *First*, there is a protective order in place in this case that would protect the privacy of third parties. ECF No. 63. *Second*, as stated above, Plaintiff is entitled to discovery relating to Defendants' post-incident conduct. *See Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir. 1990).

Plaintiff requests that the Court either compel production of these materials or schedule an informal conference to address the discovery disputes. We appreciate the Court's attention to this matter.

Respectfully submitted,

Rebecca L. Pattiz

cc:   All counsel (by ECF)